Ken E. Steelman (SBN 054624)
Email: ksteelman@corbsteel.com
CORBETT, STEELMAN & SPECTER
18200 Von Karman Ave., Suite 900
Irvine, CA 92612
Telephone: 949-553-9266
Facsimile: 949-553-8454

E-FILED 05/22/12

David H. Luce (Mo. Bar No. 36050), *Pro Hac Vice*
Email: dhl@carmodymacdonald.com
CARMODY MacDONALD P.C.
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105-1705
Telephone: 314-854-8600
Facsimile: 314-854-8660

Counsel and Co-Counsel for Defendants
Barnes Associates, Inc.; Michael Barnes and
Mark Gronowski

**UNITED STATED DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES P. DEMARCO, an individual, and as Trustee for the DeMarco Family 2002 Trust,<br><br>      Plaintiff,<br><br>   v.<br><br>BARNES ASSOCIATES, INC., a Missouri corporation; MICHAEL BARNES, an individual; AND MARK GRONOWSKI, an individual,<br><br>      Defendants. | Case No.: 2:11-CV-02683-PSG-SS<br><br>Assigned for all purposes to:<br>Hon. Philip S. Gutierrez, Judge<br>Dept. 880<br><br>**[PROPOSED] ORDER RE STIPULATION RE COMPLIANCE WITH PRIOR PROTECTIVE ORDERS**<br><br>Complaint filed: March 30, 2011<br>Trial date:     None Set |

This Court, having read and considered the *Stipulation re Compliance with Prior Protective Orders* filed concurrently herewith,

IT IS HEREBY ORDERED, as follows:

A.  Plaintiff and Defendants shall comply with the terms of the Prior Protective Orders.

B.  Plaintiffs' and Defendants' use and disclosure of Confidential Information in this action shall be subject to the Prior Protective Orders; *provided*, that notwithstanding anything to the contrary contained in any of the Prior Protective Orders:

(1) The parties to this Action and their respective counsel herein shall have access to the Confidential Information.

(2) The parties to this Action may use the Confidential Information solely for the purpose of conducting this Action.

(3) The parties may disclose the Confidential Information to any witness from whom testimony is taken or proposed to be taken in connection with this action either before or during such person's testimony; *provided*, that:

(a) Defendants shall not allow such witness, other than an expert witness, to retain any such Confidential Information; and

(b) Defendants may allow their expert witnesses, regardless of whether the identity of any such expert witness has, or has not, been disclosed to Plaintiffs, to retain the Confidential Information; provided, that

(1) Such expert witnesses shall use the Confidential Information solely in this Action; and

(2) Defendants shall cause such expert witnesses who retain any such Confidential Information to agree to be bound by the terms of the order issued pursuant hereto.

1       C.    Within sixty (60) days of the entry of a final judgment in this Action or of the mutual execution and delivery of a settlement of this Action with a dismissal with prejudice, each Party to this action, and any expert witness then in possession of any Confidential Information, regardless of whether the identity of such expert witness has, or has not, been disclosed to Plaintiffs, shall: (a) return the Confidential Information to the Party or entity that produced the same; and (b) destroy or delete any Confidential Information and any computer files and other records in such party's or expert witness' possession that contain such Confidential Information.

Dated:    05/22  , 2012

**PHILIP S. GUTIERREZ**
_____
Hon. Philip S. Gutierrez, U.S. District Judge