JOHN S. MANZANO (State Bar No. 170546)
JOSEPH D. GUMINA (State Bar No. 288834)
Minaret Legal Services, APC
legalservice@mammothattorney.com
181 Sierra Manor Road, #4
P.O. Box 8931
Mammoth Lakes, CA 93546
Telephone: (760) 934-4660
Facsimile:  (760) 924-7992

Attorneys for Plaintiff

E-FILED 04/29/13

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. DEMARCO, an individual, and as Trustee for the DeMarco Family 2002 Trust,<br><br>    Plaintiff,<br><br>v.<br><br>BARNES ASSOCIATES, INC., a Missouri corporation; MICHAEL BARNES, an individual; and MARK GRONOWSKI, an individual,<br><br>    Defendants. | Case No.: 2:11-CV-02683-PSG-SS<br><br>Assigned for all purposes to:<br>Hon. Philip S. Gutierrez, Judge<br>Dept. 880<br><br>**[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER RE; CERTAIN FINANCIAL INFORMATION**<br><br>Complaint filed:      March 30, 2011<br>Discovery Cutoff:    March 19, 2013<br>Pretrial Conference: June 10, 2013<br>Trial date:          June 25, 2013 |

   THIS MATTER having come before the Court on joint Stipulation of the parties hereto, and for good cause appearing therefrom;

   IT IS ORDERED as follows:

1. Forthwith on entry of the Court's order approving this Stipulation, each Defendant shall deliver to counsel for Plaintiff, a statement of such Defendant's assets,

liabilities and net worth, setting forth only such of each Defendant's assets as are subject to execution under the laws of either the State of Illinois (in the case of Defendant MARK GRONOWSKI), or the State of Missouri (in the case of all other Defendants), and identifying any categories of assets that were excluded from this statement as not subject to execution, together with a declaration under penalty of perjury under the laws of the State of California to the effect that the said statement is true, complete and correct (collectively, the "Statements").

2. Concurrently with the delivery of the Statements to Plaintiff's counsel, Plaintiff accepts such delivery as a full, complete and satisfactory response to Interrogatory Nos. 1 through 22 of: (a) *Plaintiff James P. DeMarco's Interrogatories to Defendant Barnes Associates, Inc, Set One*, dated February 15, 2013; (b) *Plaintiff James P. DeMarco's Interrogatories to Defendant Michael Barnes, Set One*, dated February 15, 2013; and (c) *Plaintiff James P. DeMarco's Interrogatories to Defendant Mark Gronowski, Set One*, dated February 15, 2013.

3. Counsel for Plaintiff shall hold each and every Statement in strict confidence. Without limiting the generality of the foregoing, and subject to the provisions of Section 4 hereof, counsel shall not disclose any such Statement, or any part thereof, or any information contained therein, to any third party; including, without limitation, counsel's client, Plaintiff James P. DeMarco.

4. Counsel may not use any Statement for any purpose whatsoever, save and except as follows:

   (a) Counsel may use each Statement solely in connection with the negotiation, drafting, execution and delivery of an agreement settling this action; and
   (b) Counsel may use each Statement solely at trial of this action *if and only if* the trier of fact shall have previously and expressly found that the Defendant whose Statement Counsel seeks to use at trial acted with malice, fraud or oppression.

Counsel shall not use any of the Statements for any purpose other than those

expressly set forth in this Section 4.

5.   If Plaintiff's counsel is compelled by any legal process to disclose any of the Statements, then Plaintiff's counsel shall, promptly and before making any such disclosure, notify Defendants' counsel of the foregoing.  Plaintiff's counsel shall not produce any of the said Statements until Defendants' counsel shall have had reasonable time to object or take other appropriate steps to protect the same.

6.   Plaintiff's counsel shall notify Defendants' counsel promptly on becoming aware of any disclosure of any Statement or of any information contained therein other than in accordance with this Stipulation.  The said notice shall include all facts pertinent to the disclosure that are known after due diligence and prompt investigation; including, without limitation, the name, address and employer of the person to whom the disclosure was made. Plaintiff's counsel shall immediately take all reasonable efforts to prevent further disclosure of the Statements and shall fully cooperate with Defendants' counsel to protect the Statements and the information contained therein.

7.   On the final termination of this action, unless otherwise agreed in writing by Defendants' counsel, Plaintiff's counsel shall promptly assemble and return to Defendants' counsel, the original and all copies of each and every Statement then in counsel's possession, custody or control; together with all notes, compilations or summaries made therefrom. On receipt, Defendants' counsel shall acknowledge receipt of the same in writing.  Alternatively, with Defendants' counsel's prior written consent, Plaintiff's counsel may destroy or arrange for the destruction of all of the foregoing material and certify to Defendants' counsel in writing that all of the said material in Plaintiff's counsel's possession, custody or control has been destroyed.

8.   Nothing in this Stipulation shall bar any counsel from rendering advice to such counsel's clients with respect to this action and, in the course thereof, relying on any of the Statements or any information contained therein; *provided*, that counsel shall not disclose any such material.

9.   The parties retain the right to apply to the Court for a modification of this

1  Stipulation, for good cause.
2  10.    Nothing herein is intended by any party hereto as a waiver by any Defendant of
3  any objection heretofore raised by such Defendant to any and all *Interrogatories* other
4  than those numbered from 1 to and including 22.  Each of the Defendants expressly
5  reserves each and all of such objections..
6
7
8
9  Dated:  April 25, 2013                                    PHILIP S. GUTIERREZ
10                                                                                 U.S. District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28